Judge: Christopher M. Alston
Chapter: 13
Hearing Date: September 07, 2017
Hearing Time: 9:30 a.m.
Hearing Location:
    Judge Alston's Courtroom
    700 Stewart St #7206
    Seattle, WA 98101
Response Date: Prior to or at the hearing

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

YEVGENI OSTROVSKI,

    Debtor(s).

IN CHAPTER 13 PROCEEDING
NO. 13-11547-CMA

TRUSTEE'S OBJECTION TO
MOTIONS TO APPROVE SALE
OF REAL ESTATE

K. Michael Fitzgerald, Chapter 13 Trustee, responds to the debtor's Motions to Approve Sale of Real Estate (ECF Nos. 164 and 166):[1]

The debtor wants to sell real property at 3434 97th Avenue Southeast, Mercer Island, Washington for $760,000.00. Based on the addendum to the purchase and sale agreement, IndyMac Venture LLC wants to simultaneously sell an adjacent parcel for $340,000.00 to the same buyer (ECF No. 166-2, Addendum / Amendment to Purchase and Sale Agreement; ¶ I.).

The Trustee does not necessarily object to the sale itself, but the Trustee has multiple concerns:

1)    The debtor should file a copy of the estimated closing statement for both parcels.

2)    Valeriy and Larisa Axelrod filed an asserted $115,623.00 secured proof of claim based on a judgment (ECF Claim No. 5). The debtor objected to the claim (ECF No. 122), but the Court did not enter the order because the order was inconsistent with the relief requested in the underlying motion (ECF No. 147). The debtor appears to have been dilatory in prosecuting the objection to claim. It is unclear if the Valeriy and Larisa Axelrod judgment will have to be paid

---

[1] Based on a review of the two motions, it appears the debtor filed the subsequent motion (ECF No. 166) because the original motion (ECF No. 164) was incomplete.

TRUSTEE'S OBJECTION TO
MOTIONS TO APPROVE SALE
OF REAL ESTATE - 1

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

from the sale.  While the debtor did not include the judgment lien as a debt to be paid from closing, the debtor did not attach a title report.  In any event, this is an unresolved issue.

3) IndyMac Venture, LLC filed a proof of claim asserting that it "seeks an easement over debtor's real property" (ECF Claim No. 6, as amended on June 1, 2017).  The debtor objected to the claim (ECF No. 121), but that issue also appears unresolved.

4) Debtor's counsel wants to be paid $18,000.00 from escrow.  The Trustee objects. Debtor's counsel has not justified those fees, he has not filed a fee application, he has not properly itemized his fees and he has not established that the fees are reasonable.  11 U.S.C. § 330; Local Bankr. R. 2016-1(e).

The U.S. Bankruptcy Code provides that

> the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).  The other factors include

> whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title… [and] *whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.*

11 U.S.C. § 330(a)(3) (emphasis added).  Given the multitude of problems in prosecution of this case, it is unclear why debtor's counsel believes he should be paid $18,000.00 from closing and why he believes those fees are reasonable.

5) The debtor proposes that, from funds received, the Trustee disburse funds as follows:

a. First, to administrative claimants and costs whose efforts and actions resulted in the sale benefiting [sic] the estate;
b. Second, to unsecured and under-secured creditors pro-rate [sic] pursuant to

TRUSTEE'S OBJECTION TO
MOTIONS TO APPROVE SALE
OF REAL ESTATE - 2

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

Case 13-11547-CMA    Doc 167    Filed 09/06/17    Ent. 09/06/17 16:28:36    Pg. 2 of 3

the priories [sic] set forth in 11 U.S.C. § 726;
    c.    Third, to the secured creditors, pro-rate; and
    d.    Fourth, after payment of all remaining claims, administrative costs and expenses of the estate, the balance shall be refunded to the Debtor.

(ECF No. 166, ¶ 6).

The debtor's proposed distribution scheme is, at best, confusing. It is unclear why the debtor is distinguishing between various classes of unsecured claims and what secured claims the debtor would have the Trustee pay. Funds from a sale such as this would generally be disbursed pursuant to the terms of a confirmed plan (unless otherwise ordered), but the debtor has been unable to achieve a confirmed plan. In any event, the debtor's proposed distribution scheme is inappropriate.

    6)    The debtor's proposed form of order is inadequate (ECF No. 166-5). Any order should be clear on how the escrow / closing agent and Trustee are to disburse funds.

    7)    The Trustee has done his best to identify the most salient issues given the limited amount of time the debtor provided to the Trustee and parties to review the motion. The Trustee reserves the right to assert additional bases for his objection.

WHEREFORE, the Chapter 13 Trustee requests that the Court deny the debtor's Motions to Approve Sale of Real Estate (ECF Nos. 164 and 166) or, if the Court finds cause, approve the motions after the debtor has addressed the Trustee's concerns.

Dated this 6th day of September 2017

        */s/ Jason Wilson-Aguilar*, WSBA #33582 for
        K. MICHAEL FITZGERALD
        Chapter 13 Trustee

TRUSTEE'S OBJECTION TO
MOTIONS TO APPROVE SALE
OF REAL ESTATE - 3

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

Case 13-11547-CMA    Doc 167   Filed 09/06/17   Ent. 09/06/17 16:28:36   Pg. 3 of 3