Honorable Christopher M. Alston
Chapter 7
Location: Seattle

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

YEVGENI OSTROVSKI,

Debtor.

No. 13-11547

RESPONSE TO MOTION FOR RECONSIDERATION

COMES NOW, the Chapter 7 Trustee, Edmund J. Wood, and in response to the Motion for Reconsideration states as follows:

1. 11 U.S.C. § 327 (a) permits the employment of counsel that do not hold or represent any interest adverse to the estate and that are disinterested persons. Counsel for the Trustee has no relationship with the debtor, holds no interest adverse to the estate, and is an administrative creditor of the estate, but not the debtor. A pre-petition relationship or agreement between the debtor, an insider, or an equity security holder, can be an interest adverse to the estate to disqualify a person under 11 U.S.C. § 327 (a):

> Pursuant to § 327, a professional has a duty to make full, candid and complete disclosure of all facts concerning his transactions **with the debtor**.... Professionals must disclose **all connections with the debtor, creditors and parties in interest**. (Emphasis supplied)

*In re Kings River Resorts Inc.*, 342 B.R. 76, 85 (Bankr. E.D. CA 2006).

2. 11 U.S.C. § 101 (14) defines disinterested persons as those that have no relationship with **the debtor**. All professionals engaged by the estate hold administrative claims, but solely against the estate, not the debtor. If having a post-petition administrative claim against the estate disqualifies someone from being "disinterested", no professionals could be

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

**RESPONSE TO MOTION FOR RECONSIDERATION - 1**

engaged by the estate or would become an "interested" party in all cases after their engagement. Indeed, the debtor's counsel would also be disqualified if holding an unpaid administrative claim for compensation disqualified a professional. See Docket No. 184.

3. At the time counsel signed the Declaration of Disinterest, she was in fact neither a creditor of the debtor, an equity security holder of the debtor, or an insider of the debtor. This applicant currently has no claim against the debtor, any equity security holder, or any insider of the debtor. The undersigned's sole 'claim' is against property acquired or liquidated by the estate during the pendency of this proceeding.

5. In accordance with the foregoing, the Motion for Reconsideration should be denied.

DATED this 6th day of December, 2017.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis, WSBA#14333
Attorney for Trustee

C:\Shared\KAE\Dox\Ostrovski\ellis_app_resp.wpd

**RESPONSE TO MOTION FOR RECONSIDERATION - 2**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 13-11547-CMA    Doc 230    Filed 12/06/17    Ent. 12/06/17 13:03:09    Pg. 2 of 2