Honorable Christopher M. Alston
Chapter 7
Hearing date: April 6, 2018
Hearing time: 9:30 a.m.
Response date: March 30. 2018
Location: Seattle, WA, Room 7216

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | | |
|---|---|---|
| In Re: | ) | NO. 13-11547 |
| | ) | |
| YEVGENI OSTROVSKI, | ) | |
| | ) | |
| Debtors. | ) | DEBTOR'S RESPONSE AND |
| | ) | OBJECTION TO MOTION TO APPROVE |
| | ) | SALE OF REAL ESTATE |
| | ) | |

COMES NOW, Debtor Yevgeni Ostrovski ("Debtor") by and through his counsel Boris Petrenko, and files this Debtor's Response and Objection to Trustee's Motion to Approve Sale of Property Free and Clear of Liens Pursuant to 11 U.S.C. §363(f) (ECF No. 256) along with the Declaration of Trustee in Support of the Motion to Approve Sale of Property And Exhibit 1 Residential Real Estate Purchase and Sale Agreement (ECF No. 258.)

The Debtor objecting to the sale for the following reasons:

1. Proposed purchase and sale agreement lists two parcel of land to be sold. However, parcel no. 072405-9012 is owned by CVI LCF Mortgage Loan Trust and the Trustee has no authority to sell this parcel. However, the purchase and sale agreement is executed only by

**1 |** P a g e

the Trustee and Trustee doesn't show how he acquired authority to sell the parcel owned by CVI LCF Mortgage Loan Trust.

2. The trustee never filed a copy of the estimated closing statement for any of the parcels.

3. The trustee never filed a copy of the title report for any of the parcels.

4. Proposed purchase and sale agreement is missing closing agent information.

5. Proposed buyer has never provided any proof that he is qualified for a loan to purchase the property or he has available funds to purchase.

6. In its declaration Trustee is objecting to the Debtors statutory right of Homestead Exemption of $125,000.00 pursuant to RCW 6.13.030. This objection was already brought before this Court on February 17, 2017 and denied by this Court (ECF No. 76) and order attached herein as Exhibit A. Consequently, the Debtor is rightfully entitled to a full $125,000.00 Homestead Exemption based on this court prior resolution of this issue.

The Debtor reserves the right to assert additional bases for his objection.

## I. CONCLUSION

Based on the issues presented trustee's motion to approve sale of real estate should be denied.

DATED: March 30, 2018

/s/ *Boris Petrenko*

Boris Petrenko, WSBA 34931
Attorney for the Debtors

**2 |** P a g e

I, Konstantin Bogolyubov, declare as follows, under penalty of perjury under the laws of the State of Washington:

1. I am a legal assistant in the Petrenko Law Firm and am competent to be a witness herein. On March 30, 2018, I caused the following to be filed electronically with the Clerk of the Court, in accordance with the Electronic Filing Procedures, through the CM/ECF system:

- *Debtor's Response and Objection to Motion to Approve Sale of Real Estate*

which, pursuant to Local Rule 5005-1(c)(1), caused parties who are registered ECF participants to be served by electronic means.

Executed at Bellevue, Washington this 30th day of March, 2018

/s/ *Konstantin Bogolyubov*
Konstantin Bogolyubov
Legal Assistant

**3 |** P a g e