**Below is the Order of the Court.**

_____
**Christopher M. Alston
U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5310

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>Yevgeni Ostrovski,<br><br>Debtor. | Chapter 7<br><br>Case No. 13-11547<br><br>ORDER TO SHOW CAUSE |

This matter came before the Court for hearing on April 6, 2018, on the Trustee's Motion to Approve Sale of Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363(f) (the "Motion") (ECF No. 256). The trustee, IndyMac Venture, LLC ("IndyMac"), the debtor, and Tatiana Brodiski appeared at the hearing through counsel. The Court reviewed the pleadings and files herein. The Declaration of Edmund Wood in Support of the Motion attaches a quit claim deed indicating for the first time in the debtor's bankruptcy case that ownership of the vacant property purportedly owned by IndyMac and to be sold jointly with the real property of

Order to Show Cause - 1

the estate was in fact transferred to CVI LCF Mortgage Loan Trust I. The quit claim deed was recorded in King County on August 26, 2017. Since that recording date, IndyMac allowed numerous assertions to be made in writing and in open court that it owned the vacant property without disclosing to the Court that ownership had in fact been transferred. See ECF Nos. 194, 245, 247, 251, and 256.

By filing a pleading with the Court or later advocating for the pleading, counsel for IndyMac was certifying that the allegations and factual contentions in those writings and oral presentations either had evidentiary support or likely would after a reasonable opportunity for investigation and discovery. Federal Rule of Bankruptcy Procedure 9011(b)(2)(3). If, after notice and a reasonable opportunity to respond, the Court determines subsection (b) has been violated, the Court may impose sanctions upon the attorneys or parties that have violated subsection (b) or are responsible for the violation. Rule 9011(c). The Court may order a party to show cause why it has not violated subsection (b) on its own initiative. Rule 9011(c)(1)(B). Based on the above, the Court finds evidence that IndyMac is responsible for the repeated misrepresentations to the Court. Additionally, the Court has the inherent power under 11 U.S.C. § 105(a) to sanction bad faith conduct. *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.),* 77 F.3d 278 (9th Cir. 1996). Now, therefore, it is hereby,

ORDERED that IndyMac shall appear before the Court on May 4, 2018, at 9:30 a.m. at Judge Alston's Courtroom, U.S. Courthouse, Room 7206, 700 Stewart Street Seattle, WA, to show cause why sanctions should not be imposed on it under Rule 9011(c) and 11 U.S.C. § 105(a).

IT IS FURTHER ORDERED that any party opposing this relief shall file a written response stating the basis for the opposition not later than seven days' prior to the hearing. Copies of the response shall be filed with the Court.

///END OF ORDER///

Order to Show Cause - 2