Honorable Christopher M. Alston
Hearing date: June 1, 2018
Hearing time: 9:30 a.m.
Response date: May 25, 2018
Chapter 7
Location: Seattle

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>YEVGENI OSTROVSKI,<br><br>Debtor. | No. 13-11547<br><br>MOTION TO APPROVE SETTLEMENT WITH CVI LCF MORTGAGE LOAN TRUST I |

## I. FACTS

The debtor filed the present Chapter 7 Bankruptcy Petition on February 22, 2013 and Edmund J. Wood was appointed Chapter 7 Trustee. Among the assets of the estate is the debtor's interest in the real property located at 3434 97th Ave SE, Mercer Island, WA.

A title report obtained on the Mercer Island property in connection with the Trustee's attempt to list the same, showed that there was a state court proceeding commenced by IndyMac Federal Bank FSB in 2014. Subsequently, IndyMac Venture LLC filed an adversary complaint naming the Trustee, the debtor, and other parties on October 8, 2015, claiming an easement by necessity over the estate's property. Apparently, Indymac Venture LLC had acquired the property located behind the estate's property by foreclosure and contended it was unaware of the lack of access to the property.

While the Trustee believed that access to the property could be obtained from an alternate location, the outcome was uncertain and would be the subject of a lengthy and costly trial that is currently scheduled for July 31-August 1, 2018. In fact, due to the unavailability of the expert

**MOTION TO APPROVE SETTLEMENT
WITH CVI LCF MORTGAGE LOAN TRUST I - 1**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

witness retained by Indymac, the deposition of the expert has not yet been obtained.

While the parties were discussing a settlement of adversary action, Indymac, on January 20, 2017, file a Motion for Summary Judgment, due to the pending trial date. That matter was thereafter continued, together with the upcoming pre-trial deadlines, for a number of reasons, including the fact that a new servicer had recently taken over management of the Indymac case (Adv. No. 15-01350, Docket No. 110), and the fact that the debtor had filed a motion to convert the bankruptcy estate to Chapter 13 on February 1, 2017 (Bk. Docket No. 69). After the Second Amended Notice of Trial and Order Setting Deadlines was issued (Adv. Docket No. 111), the debtor's case was converted to Chapter 13 on April 18, 2017. Accordingly, following conversion to Chapter 13, negotiations between Indymac and the Trustee ceased until the bankruptcy estate was re-converted to Chapter 7 on October 16, 2017 (Bk. Docket No. 203). Apparently, within 20 days prior to reconversion to Chapter 7, record ownership of the property referred to as the "back lot" changed, and a Quit Claim Deed was recorded on September 26, 2017, transferring the "back lot" from Indymac to CVI LCF Mortgage Loan Trust I. See Bk. Docket No. 258, page 21. Notwithstanding the change of ownership, CVI LCF Mortgage Loan Trust I issued a Letter of Authorization to Indymac's prior counsel and the parties resumed settlement negotiations regarding the joint sale of the property, as they had prior to conversion to Chapter 13.

The parties have revised the terms of the Settlement Agreement to provide for a joint sale of the estate's property located at 3434 97th Ave SE, Mercer Island, WA and the "back lot" together, but only the estate's property will be part of a sale free and clear of liens pursuant to 11 U.S.C. § 363. The restructuring of the Settlement Agreement will also involve two separate

**MOTION TO APPROVE SETTLEMENT**
**WITH CVI LCF MORTGAGE LOAN TRUST I - 2**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 13-11547-CMA    Doc 273    Filed 05/03/18    Ent. 05/03/18 13:11:46    Pg. 2 of 6

Purchase and Sale Agreements, for each of the properties and two separate, but simultaneous closings. The Settlement Agreement contemplates that ultimately, after sale, CVI LCF Mortgage Loan Trust I will receive net proceeds in the amount of $320,000. A copy of the proposed Settlement Agreement between the bankruptcy estate, CVI LCF Mortgage Loan Trust I and the proposed buyer is attached to the Trustee's declaration as Exhibit 1.

## II. ISSUES

2.1 **Whether the settlement agreement is fair, reasonable and should be approved, after consideration of the four factors set forth in *A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).**

2.2 **Whether the Court should approve the Settlement Agreement between the estate and Indymac Venture LLC.**

## III. DISCUSSION

3.1 **The compromise/settlement is fair, reasonable and should be approved.**

The Court has great latitude in approving compromise agreements and may approve a compromise if it is "fair and equitable." *In re Woodson*, 839 F.2d 619, 620 (9th Cir.1988). An order approving a compromise will be upheld absent abuse of discretion. *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).

To determine whether a compromise is fair and equitable, the Court should consider the probability of success in the litigation, the difficulties to be encountered in collection, the litigation's complexity and its attendant expense, inconvenience and delay, and the paramount interest of the creditors with a proper deference to their reasonable views. *In re MGS Marketing*, 111 B.R. 264 (9th Cir. BAP 1990); *In re Woodson, supra*; *In re A & C Properties, supra*.

A compromise should be approved if the Trustee establishes to the reasonable satisfaction of the Court that it is prudent to eliminate the risks and delays of litigation to achieve

**MOTION TO APPROVE SETTLEMENT**
**WITH CVI LCF MORTGAGE LOAN TRUST I - 3**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

certainty rather than a possible ultimate recovery. *In re Central Ice Cream Co.*, 59 B.R. 476, 487-488 (Bankr. N.D. Ill. 1985). The Court does not have to decide the numerous questions of fact and law raised by objecting parties. *In re Heissinger Resources Ltd.* 67 B.R. 378, 383 (C.D. Ill, 1986). The Court's responsibility is to canvass the issues and see whether the settlement "falls below the lowest point in the range of reasonableness". *Id., citing, In re W.T. Grant Co.*, 699, F.2d 599, 608 (2nd Cir. 1983).

The Trustee believes the settlement proposed is fair, reasonable, and in the best interest of the estate. In reaching the settlement, the Trustee considered the factors outlined in *In re A & C Properties,* 784 F.2d 1377 (9th Cir. 1986), as set forth below:

a. <u>Probability of Success in Litigation</u>

While the Trustee believed that access could be made to CVI LCF's property other than over the estate's lot, the Trustee realized there were risks in ligation and that should he not prevail, there would be a devastating impact on the value of the estate's lot with an easement that would destroy the existing garage.

b. <u>Collection Difficulties</u>

No collection difficulties were considered in this settlement as the buyer is still interested in purchasing both lots, separately but simultaneously, and specifically to purchase the estate's lot for the sum of $758,489. It is anticipated that offer will result in net proceeds to the estate in the amount of $424,103.61 calculated as follows:

//

//

//

**MOTION TO APPROVE SETTLEMENT**
**WITH CVI LCF MORTGAGE LOAN TRUST I - 4**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

| | |
|---|---|
| Gross Sale Price | $758,489.00 |
| Less costs of sale | $60,679.12 |
| Less property taxes: | $34,100.70 |
| Less 1st sewerage lien: | $1,476.07 |
| Less 1st DOT: | $233,486.06 |
| Less 1st judgment lien: | $4,747.50 |
| Less 2nd sewerage lien: | $1,372.01 |
| Estimated Net Proceeds: | $424,103.61[1] |

### c. Complexity and Cost of Litigation, Inconvenience of Delay

Costs of litigation and the inconvenience of delay were primary considerations in the Trustee's determination to settle the claims as the upcoming easement trial in July and August would be tremendously expensive and result in further delays in the liquidation and distribution to creditors.

### d. Best Interest of Creditors

Shortly after this matter was reconverted from Chapter 13 to Chapter 7, the zoning laws changed on Mercer Island in November 2017, reducing the size of a home that can be built from 45% of lot coverage to 40% total coverage. While this could reduce the value of a normal sized lot, the two parcels being sold together would provide a lot larger than other properties available for development on the island and would allow a house to be built larger than the average 5,000 square foot home on the island. It is believed that selling the properties together could command a higher price, notwithstanding the percentage reduction of the size of the house for a normal size lot. Accordingly, it is believed that it is in the best interest of creditors to approve the sale joint agreement.

---

[1] Subject to a final determination by the Court of the debtor's entitlement to the claimed homestead exemption in the amount of $125,000.

**MOTION TO APPROVE SETTLEMENT**
**WITH CVI LCF MORTGAGE LOAN TRUST I - 5**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

3.2 **The Court should approve the Settlement Agreement between the estate and CVI LCF Mortgage Loan Trust I.**

It makes sense to sell both lots together, to maximize the price for an oversized lot for the area. Further, the estate will be able to avoid significant administrative costs involved in a two day trial, and any appeal from the same. The distribution to creditors will also be expedited.

## IV. SUMMARY

Given (1) the complexity, expenses and likely duration of litigation; (2) the balance between the likelihood of success compared to the present and future benefits offered by the litigation; (3) the risk of establishing liability and damages; (4) the relative benefits achieved through settlement; (5) the proportion of the Bankruptcy Class that are believed will support the settlement; and (6) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation, the Trustee submits that the settlement should be approved.

DATED this 3rd day of May, 2018.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis, WSBA #14333
Attorney for Trustee

C:\Shared\KAE\Dox\Ostrovski\amend_settle_mot.wpd

**MOTION TO APPROVE SETTLEMENT
WITH CVI LCF MORTGAGE LOAN TRUST I - 6**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002