Below is the Order of the Court.

Christopher M. Alston
U.S. Bankruptcy Judge
(Dated as of Entered on Docket date above)

_____

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5310

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>Yevgeni Ostrovski,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 13-11547<br><br>ORDER FOLLOWING ORDER TO SHOW CAUSE |

    This matter came before the Court for hearing on May 4, 2018, on the Court's Order to Show Cause (ECF No. 269). The Chapter 7 Trustee, IndyMac Venture, LLC ("IndyMac"), and the debtor appeared at the hearing through counsel. The Court has reviewed the pleadings and files in this case.

    The Declaration of Edmund Wood in Support of the Trustee's Motion to Approve Sale of Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363(f) (ECF No. 258) attaches a quit claim deed indicating for the first time in the debtor's bankruptcy case that IndyMac had

Order to Show Cause - 1

transferred to CVI LCF Mortgage Loan Trust I ownership of the vacant property to be sold jointly with estate property. The quit claim deed was recorded in King County on September, 26, 2017.

Prior to the May 4 show cause hearing, Socius Law Group, counsel for IndyMac, submitted the Declaration of Eleanor H. Walstad in Response to Order to Show Cause ( the "Walstad Declaration). The Walstad Declaration indicates that Socius Law Group was aware of IndyMac's efforts to sell the vacant property, though the declaration is silent on who told counsel and when the information was provided to counsel. Ms. Walstad declared that she drafted a letter dated October 11, 2017, giving IndyMac power to act on behalf of CVI LCF Mortgage Loan Trust I with regard to the sale of the vacant property. At the May 4 hearing, Ms. Walstad stated that she had not provided a copy of either the prior Show Cause Order or the Walstad Declaration to IndyMac.

Prior to the re-conversion of this case from chapter 13 to chapter 7, the debtor attempted to obtain Court approval of the sale of the estate's parcel that is adjacent to the vacant parcel. The proposed buyer sought to purchase both the debtor's parcel and the vacant lot owned by IndyMac and required simultaneous closings of the two sales. The Court would not approve the debtor's sale without proof that the sale of the IndyMac parcel would also close. The Court conducted hearings on the debtor's sale motion on August 24, September 7, and September 28, 2017. At each hearing, the Court questioned lawyers from Socius Law Group as to why IndyMac had not yet signed the purchase and sale agreement and requested written confirmation that IndyMac was willing to sell the vacant lot. Each time, counsel represented that IndyMac had approved the purchase and sale agreement, but counsel was unable to obtain any written confirmation from the client. At the continued sale hearing on October 12, 2018, Socius Law Group finally produced a purchase and sale agreement signed by the proposed buyer in July and signed by IndyMac as seller on October 11 (ECF No. 194), the day before the hearing.

Counsel for IndyMac not disclose to the Court that IndyMac was in the process of selling the vacant lot, did not disclose that IndyMac had sold the property prior to the last two sale hearings, and did not disclose the existence of the October 11, 2017 letter that confirmed IndyMac had sold the property. Socius Law Group finally filed the October 11 letter of authorization on March 9, 2018, in connection with the Chapter 7 Trustee's motion to approve a sale of the estate's property. IndyMac, through Socius Law Group, has made numerous

Order to Show Cause - 2

assertions in writing, in agreements, and in open court that it owned the vacant property without disclosing to the Court that IndyMac was selling the property and then ownership had in fact been transferred, including ECF Nos. 194, 247, and 251.

By filing a pleading with the Court or later advocating for the pleading, Socius Law Group certified that the allegations and factual contentions in those writings and oral presentations either had evidentiary support or likely would after a reasonable opportunity for investigation and discovery. Federal Rule of Bankruptcy Procedure 9011(b)(2)(3). If, after notice and a reasonable opportunity to respond, the Court determines subsection (b) has been violated, the Court may impose sanctions upon the attorneys or parties that have violated subsection (b) or are responsible for the violation. Rule 9011(c). The Court may order a party to show cause why it has not violated subsection (b) on its own initiative. Rule 9011(c)(1)(B). Based on the above, the Court finds evidence that IndyMac and Socius Law Group are responsible for the repeated misrepresentations and material omissions to the Court. Additionally, the Court has the inherent power under 11 U.S.C. § 105(a) to sanction bad faith conduct. *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.),* 77 F.3d 278 (9th Cir. 1996). Now, therefore, it is hereby,

ORDERED that at least one attorney from Socius Law Group and at least one authorized representative of IndyMac <u>shall</u> appear in person before this Court on June 1, 2018 at 9:30 a.m. to show cause why sanctions should not be imposed against IndyMac and Socius Law Group.

IT IS FURTHER ORDERED that within two days of the entry of this Order, an attorney from Socius Law Group <u>shall</u> file a declaration that i) confirms that copies of the prior Show Cause Order (ECF No. 269), the Walstad Declaration (ECF No. 271), and this Order have been provided to IndyMac, ii) states the name and title of the person to whom the documents were provide, and iii) states when and how the documents were provided.

IT IS FURTHER ORDERED that IndyMac and Socius Law Group <u>shall</u> each file a response to this Order, and all supporting declarations based on personal knowledge, no later than May 25, 2017, and serve the documents on counsel for the debtor, the Chapter 7 Trustee, and all parties to the adversary proceeding.

IT IS FURTHER ORDERED that any other party in interest <u>may</u> file a response to the Order by no later than May 25, 2017, and serve on counsel for IndyMac, counsel for the debtor, the trustee, and all parties to the adversary proceeding.

Order to Show Cause - 3

**Below is the Order of the Court.**

IT IS FURTHER ORDERED that any party that has filed a response by May 15 <u>may</u> file a reply to any response by no later than May 29, 2018, and shall serve on counsel for IndyMac, counsel for the debtor, the trustee, and all parties to the adversary proceeding.

IT IS FURTHER ORDERED that by 5:00 p.m. on May 30, 2018, an attorney from Socius Law Group <u>shall</u> file a declaration that i) confirms that copies of all responses and replies have been provided to IndyMac, ii) states the name and title of the person to whom the documents were provide, and iii) states when and how the documents were provided.

///END OF ORDER///

Order to Show Cause - 4